UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

CARMEN SYLVESTER,

   *Plaintiff,*       CASE NO.

-v-       Hon

8:22 cv 2793 TPB-MRM

**PREMIER SOTHEBY INTERNATIONAL REALTY**

   Defendants.

___

CARMEN SYLVESTER
*In propria persona*

___

## COMPLAINT AND JURY DEMAND

Plaintiff, Carmen Sylvester, *in propria persona*, files this Complaint and Jury Demand in the above captioned matter, and says:

1. Plaintiff is an individual and resident of the City of Tampa, Florida, which is in this District.

2. Defendant, Premier Sotheby's International Realty (hereinafter "Sotheby's"), is a domestic profit corporation organized under the laws of Florida and conducting business in the Middle District of Florida.



3. The actions that give rise to this cause of action occurred in the City of Tampa in the Middle District of Florida.

4. Venue is proper in the Middle District of Florida pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3),

5. This action is brought in this Court on the basis of federal question jurisdiction, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## FACTS

6. Plaintiff reasserts word for word and paragraph for paragraph each of the above allegations.

7. That Plaintiff interviewed for a position as an administrative assistant at Sotheby's

8. That these interviews happened via zoom.

9. That the person who first interviewed Plaintiff was Janet Moore, a real estate agent for Defendant and other agents of Sotheby's.

10. That during the second interview, via zoom, that Sotheby's Managing Broker, Kathleen Oglive, entered into the meeting/ interview to have further discussions regarding the position and expectations.

11. That at all times pertinent to this complaint, Plaintiff's hair was worn in a "natural" style.

12. Plaintiff is African American.

13. That all communication with Ms. Moore via email was at Ms. Moore's Sotheby's issued email address, with a domain name of premiersir.com

14. That following two interviews with Ms. Moore and Ms. Oglive, Plaintiff was offered a position at Defendant's Tampa location.

15. That Plaintiff moved to Tampa to start her new position at Defendant's Tampa location.

16. That when Plaintiff went to the Tampa location to sign her acceptance of employment letter, she was escorted by Ms. Moore to a conference room and told that Ms. Oglive would join them.

17. While discussing job with Ms. Moore, Ms. Oglive entered the room.

18. When Ms. Oglive entered the room, she stated to Plaintiff that there was one thing to discuss, "the hair"

19. Ms. Oglive stated that "for what we're trying to represent, it needs to be more tame"

20. Ms. Oglive further stated, "I like, its beautiful, but it's a bit much for our company and what we represent."

21. Ms. Oglive went on to state "I spoke with HR, and they agree with me"

22. Ms. Oglive that it needed to be "more refined".

23. Ms. Moore then interrupted Ms. Oglive, stating that that it was "enough".

24. Ms. Oglive then leaves the room, and upon her exit, Ms. Moore apologizes, saying that she was blindsided.

25. That Plaintiff's hair was never discussed in prior zoom meetings.

26. Ms. Moore then asks Plaintiff if "she would mind changing her hair to work there".

27. In response, Plaintiff says she has to sleep on it, and leaves Sotheby's office location.

28. Plaintiff attempted to reach Defendant the following day but was told no one was available.

29. Plaintiff was then told by Ms. Moore that afternoon that the "offer" was not a full offer, and it needed to be run by the legal department.

30. Plaintiff has never heard from Defendant despite repeated attempts at contacting them.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,42 USC 2000e et seq. – DISPARATE TREATMENT

31. Plaintiff reasserts word for word and paragraph for paragraph the allegations set forth above.

32. Plaintiff is African American, a protected class under Title VII.

33. Plaintiff suffered adverse employment actions, including but not limited to retaliation, denial of opportunities, benefits and advantageous terms and conditions of employment, and constructive discharge.

34. Plaintiff's race was a motivating factor in Defendant's decision to subject her to discrimination as alleged in this Complaint.

35. Plaintiff was qualified for her job

36. Plaintiff was treated different from similarly situated applicants

37. Defendant acted with malice and/or reckless disregard for Plaintiff's rights.

38. Plaintiff is entitled to punitive damages.

**WHEREFORE,** Plaintiffs request this Honorable Court enter judgment against Defendant for an amount in excess of Seventy-Five ($75,000.00) Thousand Dollars, along with interest and costs, reasonable attorney fees, and punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled to in law and equity

Respectfully submitted:

/s/ Carmen Sylvester
Carmen Sylvester

5102 West Laurel St
Unit 800
Tampa FL 33602

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

CARMEN SYLVESTER,

*Plaintiff,*  CASE NO.

-v-  Hon

**PREMIER SOTHEBY INTERNATIONAL REALTY**

Defendants.

---

CARMEN SYLVESTER
*In propria persona*

---

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, *In propria persona,* and hereby demand a trial by jury of the within cause.

Respectfully submitted:

/s/ Carmen Sylvester
Carmen Sylvester